

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LAVERSON LEGRAND

                  Plaintiff,

      -against-

POLICE OFFICER JOHN COSTIN, (tax no. 903693); POLICE OFFICER WALIUR RAHMAN (shield no. 6428); POLICE OFFICER EDWARD SINCLAIR, (shield no. 5116); POLICE OFFICER JAMES RIVERA (shield no. 5027); POLICE OFFICER ROBERT MALONEY (shield unknown); POLICE OFFICERS "JOHN DOES" 1-20, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                  Defendants.

------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, LAVERSON LEGRAND, by and through his attorneys, **SCOTT G. CERBIN, ESQ., PLLC**, and **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1983 and the 1988; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2.    Plaintiff's claims arise from two incidents that took place at his home in Brooklyn, New York on or about September 15, 2011, and March 8, 2013. During the incidents

members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; unreasonable force; failure to intervene; malicious prosecution; and denial of a fair trial.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Laverson Legrand is a resident of the State of New York, Kings County.

9. The plaintiff is a sixty-nine year old African-American male.

10. At all times herein, defendants Sgt. John Costin, Tax # 903693, Det. Waliur Rahman, Shield # 6428, Det. Edward Sinclair, shield 5116; Det. James Rivera, shield 5027; Sgt. John Maloney (shield unknown) and P.O. John Does # 1-20 were New York City Police Officers, employed with the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York.

11. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### FIRST INCIDENT – SEPTEMBER 15, 2011

12. On September 15, 2011, at and in the vicinity of 222 Brooklyn Avenue, Brooklyn, New York, and the 77th precinct, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York including upon information and belief, defendant Sgt. Costin, Det. Rahman, and P.O. John Does # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

13. On September 15, 2011, at approximately 6:00 a.m., at and in the vicinity of 222 Brooklyn Avenue, Brooklyn, New York, a private building, defendants Sgt. Costin, Det. Rahman, and P.O. John Does # 1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered the building.

14. The building in question has four stories, not including the basement floor, with individual locked apartments, areas and/or rooms, and is inhabited largely by the plaintiff's extended family.

15. The defendants, including defendants Sgt. Costin, Det. Rahman, and P.O. John Does # 1-10 broke into 222 Brooklyn Avenue, Brooklyn, New York.

16. If the defendant officers had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

17. If the defendant officers had a search warrant, they obtained it by failing to properly supervise and verify the reliability of an informant against NYPD policy and procedures to ensure the reliability of the confidential informant and the confidential informant's information before obtaining the warrant.

18. If the defendant officers had a search warrant, they went beyond its scope and entered areas of the building they were not permitted to enter.

19. Once defendants entered 222 Brooklyn Avenue, Brooklyn, New York, the plaintiff was not free to disregard the defendants' questions, walk away or leave the scene.

20. Plaintiff Laverson Legrand was sleeping in a locked room on the top (fourth) floor of the building when he was awakened by the sound of loud banging, which became louder and louder as defendants neared the top floor where plaintiff's apartment is.

21. Defendants then began loudly pounding on plaintiff's door on the top floor of the building.

22. Plaintiff opened the door to his apartment and defendant officers immediately entered the apartment at gunpoint without displaying to plaintiff a search warrant, or even claiming that a warrant was being executed.

23. Instead, defendant officers told plaintiff that he needed to be "brought downstairs for his safety" before tightly handcuffing him and bringing plaintiff downstairs.

24. The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

25. The defendants placed plaintiff in a van and kept him there for several hours.

26. Other family members were also arrested in the building[1].

27. The defendants found no controlled substance, contraband, or weapons in the apartment with plaintiff or on plaintiff's person, but falsely claimed to have found evidence of criminality justifying an arrest.

28. Instead of freeing plaintiff, the defendants falsely arrested plaintiff.

29. Eventually, the defendants drove plaintiff to the 77th Precinct for arrest processing, where he waited for many hours before being removed to Central Booking for arraignment.

30. The plaintiff waited at Central Booking many more hours waiting to be arraigned. During this time, in order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, initiated by a false sworn complaint, falsely and maliciously told the Kings County District Attorney's Office that the plaintiff had committed various crimes.

31. The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

32. Plaintiff was released from custody on or about September 17, 2011.

---

[1] In fact, nearly every occupant in every apartment in the four-story residence was arrested. Two of the occupants of a different apartment than plaintiff's (Lagarthucin and Shavaston LeGrand) who were similarly arrested successfully sued defendants Costin and Rahman (and additionally the City of New York) in this Court under *12-cv-6165 (SJ)(JMA)*.

33. The case against Laverson LeGrand was dismissed, in its entirety, on or about April 3, 2012, terminating in his favor.

34. Unbeknownst to plaintiff at that time, his nightmarish odyssey of being falsely arrested only to have the charges dropped in their entirety after multiple court appearances, was to repeat itself almost exactly.

35. On March 1, 2013, defendant Waliur Rahman met with Assistant District Attorney Matthew Bennett of the Kings County District Attorney's office, and the two appeared before the Honorable William M. Harrington regarding Rahman's application for search warrants to search three floors of 222 Brooklyn Avenue (under Kings County SW# 117/13, 118/13, and 119/13).

36. After hearing the basis for the warrants, and indicating he would sign warrants for two floors of the building, Judge Harrington explicitly questioned ADA Bennett and Defendant Rahman as to the need to search the top floor[2] of the location before explicitly ruling that the top floor of the location was 'out of bounds' and denying the warrant covering the top floor (warrant no. 119/13).

## SECOND INCIDENT – MARCH 8, 2013

37. On March 8, 2013, approximately 6am, at plaintiff's apartment on the fourth (top) floor of 222 Brooklyn Avenue, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, including, upon information and belief, defendants Edward Sinclair, James Rivera, Waliur Rahman, Sgt. Robert Maloney and P.O. John Does # 11-20, at times acting in concert and at times

---

[2] The stenographic record of this appearance reflects considerable confusion among the parties regarding the total number of floors in the building and the nomenclature regarding those floors. However that confusion in the stenographic record does not extend to Judge Harrington's ruling that the officers were not to search the top floor of the location.

acting independently, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered and searched the apartment of plaintiff Laverson Legrand.

38. Plaintiff was asleep in his bedroom on the fourth (top) floor of the building when he was awakened by the sound of loud banging in the apartment.

39. Plaintiff listened as the commotion and banging became louder and louder until defendants began pounding on plaintiff's door.

40. Plaintiff opened the door to his apartment and defendant officers immediately entered the apartment at gunpoint without displaying to plaintiff a search warrant, or even claiming that a warrant was being executed.

41. Defendant officers handcuffed plaintiff tightly and conducted a search of his apartment, denying plaintiff's requests to have his handcuffs loosened.

42. Once defendants entered 222 Brooklyn Avenue, Brooklyn, New York, plaintiff was not free to disregard the defendants' questions, walk away or leave the scene.

43. The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

44. At some point, defendants told plaintiff he was being arrested, and he was transported to the 77th precinct for processing.

45. Other family members were also arrested in the building[3].

46. The defendants found no controlled substance, contraband, or weapons in the apartment with plaintiff or on plaintiff's person, but falsely claimed to have found evidence of criminality justifying an arrest.

---

[3] At least several of whose cases were dismissed, just as plaintiff's was.

47. The plaintiff remained at the 77th precinct for many hours before being transported to Central Booking and waiting many more hours waiting to be arraigned.

48. During this time, in order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, initiated by a false sworn complaint, falsely and maliciously told the Kings County District Attorney's Office that the plaintiff had knowingly and unlawfully possessed a controlled substance, specifically a crack pipe.

49. The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, in retaliation for the fact that the previous arrests at the location on September 15, 2011 (including the arrest of plaintiff) had been "failures" with criminal charges dismissed and civil lawsuits filed, to meet productivity goals and quotas, and to justify overtime expenditures.

50. Plaintiff was released from custody on or about March 9, 2013.

51. After plaintiff's case (docketed under number 2013KN017970) had been adjourned five times, it was dismissed in its entirety on November 19, 2013.

## **GENERAL ALLEGATIONS**

52. The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

53. Plaintiff did not resist arrest at any time during the above-described incidents.

54. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

55. The individual defendants did not observe the plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

56. The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

57. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness, retaliation and indifference to plaintiff's rights.

59. Upon information and belief, the unlawful actions taken against plaintiff in the above described incidents were also based on profiling.

### FIRST CLAIM
### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

60. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61. On both the above incident dates, defendant officers unlawfully stopped and searched plaintiff without a warrant, or consent.

62. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

63. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

64. On both the above incident dates, defendant officers falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

65. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM
## (UNREASONABLE FORCE)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. On both the above incident dates, the individual defendants' use of force upon plaintiff was objectively unreasonable.

68. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

69. Those defendants who did not touch the plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

70. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM
### (FAILURE TO INTERVENE)

71. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72. On both the above described incident dates, defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

73. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM
### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

74. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

75. The individual defendants are liable to plaintiff for malicious prosecution because, on both the above dates, and pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecutions against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the courts, which alleged that plaintiff had committed various crimes.

76. The individual defendants lacked probable cause to believe the above-stated malicious prosecutions could succeed.

77. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecutions.

78. The above-stated malicious prosecutions caused a sufficient post-arraignment liberty restraint on plaintiff.

## SIXTH CLAIM
## (FALSE ARREST CLAIM UNDER STATE LAW)

79. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

80. On both the above incident dates, defendant officers falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

81. Accordingly, defendants are liable to plaintiff for false arrest under the Constitution of the State of New York.

## SEVENTH CLAIM
## (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

82. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

83. The individual defendants are liable to plaintiff for malicious prosecution because, on both the above-described incident dates, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecutions against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the courts, which alleged plaintiff had committed various crimes.

84. The individual defendants lacked probable cause to believe the above-stated malicious prosecutions could succeed.

85. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecutions.

### EIGHTH CLAIM
### (DENIAL OF FAIR TRIAL)

86. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

87. The defendants are liable to plaintiff because, on both the above described incident dates, they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

88. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

89. Furthermore, the individual defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

90. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

91. The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating

testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of one million dollars ($1,000,000);

b. Punitive damages in the amount of two million dollars ($2,000,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         January 16, 2014

        SCOTT G. CERBIN ESQ., PLLC
        16 Court Street, Suite 2901
        Brooklyn, New York 11241
        (718) 596-1829
        mail@cerbinlaw.com

        KENNETH F. SMITH, PLLC
        16 Court Street, Suite 2901
        Brooklyn, New York 11241
        (646) 450-9929
        kfslawfirm@gmail.com

        ATTORNEYS FOR PLAINTIFF

        By: _____